## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 09-CV-00750-RPM

PRESSTEK, INC.,
KEVIN RAY, PH.D.,

    Plaintiffs-Counterclaim Defendants,

v.

EASTMAN KODAK COMPANY,

    Defendant-Counterclaim Plaintiff.

## STIPULATED PROTECTIVE ORDER
## PURSUANT TO FED. R. CIV. P. 26(C)

    IT IS HEREBY ORDERED:

    1.    Any party producing information in this civil action (whether orally during testimony at depositions, in interrogatory answers, through production of documents and things, in answering requests for admission, in Court proceedings, or otherwise) that has not been made public and that the party in good faith reasonably believes reflects confidential information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure may designate such information "CONFIDENTIAL" or "SECRET" as specified below. Information so designated by either party and marked as specified below will thereafter be subject to the provisions of this Protective Order unless otherwise ordered.

    2.    Information may be marked:

        (a)    CONFIDENTIAL only if it contains sensitive information or other highly confidential information the present public disclosure of which would, in the good faith belief of

the designating party, be detrimental to the designating party in the conduct of its business. To declare information CONFIDENTIAL, the designating party shall certify under oath, upon request, why it believes such a restriction is necessary to prevent an unreasonable risk of harm to the designating party. This information presumptively includes, for example, information about Dr. Ray's duties at Kodak or KPG that is more detailed than information previously provided by Kodak to the Court, and similarly, information about his actual or potential duties at Presstek that is at a level that is more detailed than the information previously provided by Kodak to the Court. It also includes information about Kodak's or Presstek's products that includes proprietary "know how," source codes, financial and marketing information, vendors and suppliers (including actual and those evaluated to become) and notebooks, as well as internal corporate information about the parties and information about products and related processes in research or development. Information shall not be marked CONFIDENTIAL if it is within the categories set forth in Paragraph 19(a) – (c). An exception is that the designating party may mark the information CONFIDENTIAL if such information has become public knowledge through the actions of the receiving party in alleged violation (whether resolved or unresolved) of a duty to maintain such information as confidential, including the duties created by this Order. The parties expect that information identified as CONFIDENTIAL will be produced during discovery, subject to the limitations described herein. The parties expect that information identified as CONFIDENTIAL will be used in Court proceedings subject to a motion that the public be excluded and access to the transcript limited.

      (b)      SECRET only if the designating party believes that the disclosure of the information to either the public or to the opposing party, in discovery or in Court proceedings,

would itself create a risk of jeopardizing the value of the trade secret and confidential information belonging to the designating party.  To declare information SECRET, the designating party shall certify under oath, upon request, why it believes such a restriction is necessary to prevent an unreasonable risk of harm to the designating party.  This information presumptively includes, for example, even more detailed technical information concerning information Dr. Ray had access to during his employment at Kodak or KPG, and similar information concerning his actual or potential duties at Presstek, than would be identified as CONFIDENTIAL.  This information is information that, due to its complexity or level of detail, the parties expect either would not need to be provided during Court proceedings, or if it was provided during Court proceedings, it would be done so subject to a request that the opposing party, as well as the public, be excluded.

3. Any information that is produced under this Order shall be classified at the lowest level of confidentiality that is sufficient to reasonably protect that information, with the designation CONFIDENTIAL being a lower level of confidentiality than the designation SECRET.  Counsel for the parties shall, from time to time or on request from opposing counsel, review current classifications, including SECRET, and either declassify or lower classifications in order to reflect the current reasonableness of such classifications.  If a party believes that information or a document produced pursuant to this Order was produced at a lower level of confidentiality than that sufficient to reasonably protect that information, a party may raise the classification of that document upon notice to the other party.  The non-designating party retains the right to challenge that classification as otherwise provided by this Order.

4.      Information designated by any party as SECRET, either in writing, or if oral, at the time it is provided, shall not be revealed to the opposing party, unless ordered by the Court. Information produced that is later designated as SECRET must be returned to the producing party as soon as it is designated as SECRET.

5.      Any such information that is disclosed by or on behalf of any party in this action, if in writing (e.g., in a document or an interrogatory answer), shall be stamped or otherwise clearly marked as CONFIDENTIAL on each page, or, if through production of a thing, shall be labeled or otherwise clearly marked CONFIDENTIAL.

6.      Stamping or marking of the information as CONFIDENTIAL shall take place prior to production of the information by the producing party.  However, in the event that documents and things are produced merely for inspection, no marking need be made by the producing party in advance of the inspection.  For purposes of the inspection, all documents and things produced shall be considered as marked CONFIDENTIAL.  Thereafter, upon selection of specified documents and things for copying or reproduction by the inspecting party, the producing party shall mark as CONFIDENTIAL the copies of such documents and things that the providing party believes contain information that falls within the appropriate confidentiality designation at the time the copies are handed over to the inspecting party.

7.      Any such information that is requested by or on behalf of any party in this action, either in writing or orally (e.g., during a deposition), may be designated as CONFIDENTIAL or SECRET subject to the provisions of this Protective Order by so designating the oral testimony or portions thereof.  A party may make such a designation by making an appropriate statement at the time of the testimony.  A party may also so designate portions of depositions after

transcription but shall have a fifteen (15) day period after receipt of the deposition transcript within which to inform the other parties in writing of the portions of the transcript that are to be designated CONFIDENTIAL or SECRET, after which period the right to make such a designation shall be waived.  The disclosing party shall have the right to exclude from attendance at said deposition any person other than the deponent, trial counsel (including their staff and associates), the Court reporter, and the person(s) agreed upon pursuant to paragraph 9 below, during such time as the information designated CONFIDENTIAL is to be disclosed.  The originals of said deposition transcripts and all copies thereof shall bear the legend CONFIDENTIAL, as appropriate, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of this Court.  Testimony identified as SECRET shall be separately packaged and sealed.

8.     In the event that the producing party inadvertently fails to designate as CONFIDENTIAL or SECRET any information that is produced and that the producing party reasonably believes should be so designated, the producing party may subsequently make such a designation by notifying opposing counsel in writing as soon as practicable.  After receipt of such notification, the party to whom disclosure has been made will treat the information as if designated CONFIDENTIAL or SECRET subject to the requirements of this Protective Order.

9.     Any information designated CONFIDENTIAL in accordance with paragraphs 1-8 above may be shown, and its contents disclosed, only to:

(a)    "In-House" and "outside" legal counsel specifically retained by the receiving party for advice concerning this action, and necessary clerical and legal support personnel employed by such counsel;

(b)     Independent experts or independent consultants retained by counsel of record solely for purposes of this proceeding, subject, however, to the limitations and requirements contained in paragraph 10 below;

(c)     No more than three employees of the receiving party (or of a related company of which the receiving party is a wholly-owned subsidiary), excluding "in-house" counsel, and only those whose participation in decisions regarding this action is crucial and who must review the information in order to meaningfully participate in those decisions;

(d)     The Court, court personnel, witnesses or potential witnesses in this proceeding; and

(e)     Stenographic and clerical employees associated with any of the individuals enumerated above.

Under no circumstance may information designated as CONFIDENTIAL be disclosed to any person or entity other than those identified above, except with the prior written consent of the producing party.  However, any person indicated on the face of the document or thing as its originator, author or a recipient of a copy thereof may be shown the same.

10.     Before counsel of record for a receiving party discloses information designated CONFIDENTIAL to any independent expert or independent consultant pursuant to paragraph 9(b) or to the employees referred to in paragraph 9(c), counsel for the receiving party must first produce to opposing counsel in writing the name, position and curriculum vitae of the proposed expert, independent consultant or employee so as to permit the producing party to determine, in good faith, whether the proposed expert or employee cannot or will not abide by the terms of this Order or, in the case of a proposed expert or independent consultant, has a conflict of interest in

this matter. If the producing party does not object to the proposed expert, independent consultant or employee within ten (10) days of receiving the identification, then counsel for the receiving party may disclose the information designated as CONFIDENTIAL to the proposed expert, independent consultant or employee; provided, however, that said expert, independent consultant or employee first executes a copy of the Declaration attached hereto as Exhibit A and thereby agrees to be bound by the provisions of this Protective Order. Counsel of record shall provide to each other copies of all declarations executed by experts, independent consultants or employees promptly after such declarations are executed. In the event that the producing party objects to disclosure of information designated CONFIDENTIAL to the proposed expert, independent consultant, or employee, and if the parties cannot resolve the dispute on an informal basis, then the counsel for the receiving party shall apply to the Court for a ruling on the objections of the other party within five (5) days of receipt of objection. In such event, counsel for the receiving party must withhold disclosure of information from the proposed expert, independent consultant or employee pending the Court's ruling.

11. All information disclosed in this civil action, whether or not designated as CONFIDENTIAL or SECRET, may be used only for purposes of this action and not for any other actions, or any business purpose whatsoever.

12. If an interrogatory answer contains CONFIDENTIAL information, the answer shall be provided in a separate document, appended to the main body of answers and incorporated by reference therein. The interrogatory response contained in the main body of the answers should be substantially similar to the following statement: "Requests confidential information, see response in confidential addendum which is incorporated by reference."

13. In the event that the non-designating party disagrees with the propriety of the other party's designation of information as CONFIDENTIAL or SECRET, the parties will first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. If they cannot resolve the dispute, one party will file an appropriate motion and the Court will then determine whether the information should be protected. If so, the Court will determine whether the information should be designated as CONFIDENTIAL or SECRET, and may rule on what restrictions to access or disclosure should be imposed. In evaluating the propriety of one party's designation, the Court may review *in camera* any and all relevant evidence, including information claimed to be SECRET. All information whose designation as CONFIDENTIAL or SECRET has been disputed shall be treated as CONFIDENTIAL or SECRET until such time as the Court determines, or the parties agree, otherwise. No party shall be obligated to challenge the propriety of the CONFIDENTIAL or SECRET designation at the time of production, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

14. Any information (including transcripts of depositions or portions thereof, exhibits, answers to interrogatories and responses to requests for admissions) which is designated as CONFIDENTIAL or SECRET, or any pleading, memorandum or other document purporting to reproduce or paraphrase such information, if filed with the Court, shall be:

(a) designated appropriately, and shall be filed in accordance with D.C.COLO.L.Civ.R. 7.2 and 7.3, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "CONFIDENTIAL" and a statement substantially similar to the following:

> CONFIDENTIAL:  Filed pursuant to a Protective Order by
> _____.  Not to be opened nor the contents
> revealed except: (1) to the Court and then resealed; (2) by
> agreement of the parties; or (3) by prior order of this Court.

(b)     The party filing the documents shall serve notice upon all other parties that the above procedure is being invoked either before or at the time such documents are filed.

(c)     At the trial of this action or at any hearing relating to this action before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any CONFIDENTIAL information for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a motion to the Court under D.C.COLO.L.Civ.R. 7.2 that the courtroom be cleared of the public or other persons and that the Court employees be advised as to the terms of this Order.

15.     The parties, employees, or agents of the parties given access to CONFIDENTIAL information of the other side shall not use or reference that information to file, prepare, prosecute (or directly or indirectly assist any other person to file, prepare or prosecute) any new patent application in the field of lithography during the pendency of this action and for five (5) years after its conclusion.

16.     The receiving party, employees, or agents of the receiving party given access to CONFIDENTIAL information of the disclosing party shall not use or reference that information to challenge the validity or oppose a (or directly or indirectly assist any other person to challenge the validity or oppose) disclosing party's patent or patent application in the field of lithography during the pendency of this action and for five (5) years after its conclusion.

17.     Non-parties who provide confidential information in response to a subpoena or discovery request in this action may invoke the protections of this Protective Order for such information by designating that information CONFIDENTIAL or SECRET in accordance with the terms of this Order.

18.     This Order is intended to provide a mechanism for the handling of confidential information and documents for which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, any provision of this Order upon notice to the other party.

19.     The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a)     was, is or becomes public knowledge (i.e., the public has had unrestricted access to the information), not by any act of a party or person in violation of this Protective Order or the terms of an agreement;

(b)     is independently acquired by the non-designating party by itself or from a third party having the right to disclose such information or material and not in violation of this Protective Order or the terms of an agreement; or

(c)     was lawfully possessed by the non-designating party prior to the entry by the Court of this Order and not in violation of the terms of an agreement.

20.     Upon termination of this litigation, each party that is subject to this Protective Order shall assemble and return to the producing party all items containing the producing party's

confidential information produced in accordance with this Order, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product generated by counsel for the receiving party. All copies containing notes or other attorney's work product shall be destroyed promptly after final termination by the receiving party who will so inform the disclosing party. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information. Promptly after the return or destruction of items containing the producing party's confidential information, the receiving party shall certify by letter that all items containing the producing party's confidential information have been returned and/or destroyed. Receipt of all material returned to the producing party shall be acknowledged in writing if requested by the receiving party. Notwithstanding the preceding sentences of this paragraph, one complete set of pleadings may be retained by each of the parties but any pleadings containing confidential information shall remain subject to all other provisions of this Protective Order.

21. Any discovery documents produced in this litigation may later be designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or protected document was produced through inadvertence, mistake or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall collect all such documents and copies thereof and return them to the producing party. Notwithstanding the above, the receiving attorney reserves the right to contest the assertion of privilege or other protection with respect to any document.

22. The following definitions apply to this Protective Order:

(a) "Producing party" or "designating party" shall mean the party (and its outside counsel) who is producing information to another party.

(b) "Inspecting party" or "receiving party" shall mean the party (and its outside counsel) who receives the information supplied by the producing party.

(c) "Outside counsel" or "counsel" shall mean the law firms engaged by the plaintiff and the defendant to represent and/or assist them in this litigation.

(d) "Document" shall have the definition set forth in Fed. R. Civ. P. Rule 34(a).

(e) The terms "party," "parties," and "person" shall have the definitions set forth in Fed. R. Civ. P. Rule 34(b).

23. This Protective Order may be amended by the agreement of counsel for the parties in the form of a stipulation submitted to the Court for approval. If the parties cannot agree to an amendment, a formal motion to amend must be filed with the Court. This Protective Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties or by order of the Court.

24. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules of Civil Procedure or the doctrines of attorney-client privilege, attorney work product, or any other privilege.

25. This Protective Order shall survive the final termination of this action with respect to any confidential information. The Court shall retain jurisdiction over the parties and their counsel as necessary to enforce this Order.

Dated: June 17th, 2009

                        BY THE COURT:

                        s/Richard P. Matsch

                        _____
                        Richard P. Matsch, Senior District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 09-CV-00750-RPM-MJW

PRESSTEK, INC.,
KEVIN RAY, PH.D.,

    Plaintiffs-Counterclaim Defendants,

v.

EASTMAN KODAK COMPANY,

    Defendant-Counterclaim Plaintiff.

## DECLARATION

I, _____, declare that I have read the Protective Order of the Court in this civil action, that I understand its terms, and that I agree to be bound by all of the requirements and restrictions of said Order. I declare under penalty of perjury that the foregoing is true and correct. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Colorado to resolve any disputes pertaining to this Protective Order, which will be governed by the law of the same jurisdiction.

Date:

Signed: _____

# EXHIBIT A