IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00750-RPM-MJW

PRESSTECK, INC., and
KEVIN RAY, PH.D,

Plaintiffs-Counterclaim Defendants,

v.

EASTMAN KODAK CORPORATION,

Defendant-Counterclaim Plaintiff.

---

## ORDER REGARDING
## PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER (DOCKET NO. 18)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Amend Scheduling Order (docket no. 18).  The court has reviewed the subject motion (docket no. 18), the response (docket no. 23), and the reply (docket no. 33).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

   1.   That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff Dr. Kevin Ray ("Plaintiff"), a former Defendant Kodak employee, along with Plaintiff's current employer, Presstek, have filed this declaratory judgment action against Defendant Kodak requesting a ruling from this court that the non-competition clause in the Employee's Agreement that Plaintiff signed is void and unenforceable under Colorado law.  Defendant Kodak has counterclaimed for breach of contract and misappropriation of trade secrets;

5. That pending are cross-motions to compel (docket nos. 21 and 28) that have also been referred to Magistrate Judge Watanabe.  See Order of Reference to Magistrate Judge of Discovery Disputes (docket no. 39);

6. That there is also pending Defendant's Motion for Preliminary Injunction (docket no. 4), and Judge Matsch has indicated he will not set a hearing on the Defendant's Motion for Preliminary Injunction (docket no. 4) until the discovery disputes are resolved.  *See* docket no. 39;

7. That a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); and

8. That Plaintiff has demonstrated good cause to extend discovery

deadlines in this case.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Amend Scheduling Order (docket no. 18) is **GRANTED**;

2. That the Rule 16 Scheduling Order (docket no. 12) is amended as follows:

    a. Discovery cut-off is extended to January 13, 2010;

    b. Initial disclosure of experts is extended to December 14, 2009;

    c. Rebuttal expert disclosure is extended to December 29, 2009; and,

    d. Interrogatories and Requests for Production of Documents shall be served on or before November 30, 2009;

3. That each party shall pay their own attorney fees and costs for the subject motion (docket no. 18).

Done this 4th day of November 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE