IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00750-RPM-MJW

PRESSTECK, INC., and
KEVIN RAY, Ph.D

Plaintiffs-Counterclaim Defendants,

v.

EASTMAN KODAK CORPORATION,

Defendant-Counterclaim Plaintiff.

---

**ORDER REGARDING
PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR ATTORNEYS' FEES
AND COSTS (DOCKET NOS. 28 and 30)
AND
DEFENDANT KODAK'S MOTION TO COMPEL (DOCKET NO. 21)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

        This matter is before the court on Plaintiffs' Motion to Compel Discovery and for

Attorneys' Fees and Costs (docket no. 28 and 30) and on Defendant Kodak's Motion to

Compel (docket no. 21). The court has reviewed the subject motions (docket nos. 28,

30, and 21), the responses (docket nos. 37 and 44), the replies (docket nos. 52 and 53),

and the exhibits attached thereto.  In addition, the court has taken judicial notice of the

court's file and has considered applicable Federal Rules of Civil Procedure and case

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and order.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to be heard;

4.      That Plaintiff Dr. Kevin Ray, a former Defendant Kodak employee, along with his current employer, Presstek, have filed this declaratory judgment action against Defendant Kodak requesting a ruling from this court that the non-competition clause in the Employee's Agreement that Plaintiff Ray signed is void and unenforceable under Colorado law.  Defendant Kodak has counterclaimed for breach of contract and misappropriation of trade secrets;

5.      That there is pending Defendant's Motion for Preliminary Injunction (docket no. 4), and Senior District Judge Matsch has indicated he will not set a hearing on the Defendant's Motion for Preliminary Injunction (docket no. 4) until the discovery disputes are resolved. *See* docket no. 39;

6.      That Plaintiffs have demonstrated good cause to extend discovery deadlines in this case, and Magistrate Judge Watanabe has granted Plaintiffs' Motion to Amend Scheduling Order (docket no.

3

18).  See docket no. 51 dated November 4, 2009;

7.     That Rule 26(b)(1) of the Federal Rules of Civil Procedure provides

in relevant part that "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense.

. . .  For good cause, the court may order discovery of any matter

relevant to the subject matter involved in the action.  Relevant

information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of

admissible evidence. . . ."  Fed. R. Civ. P. 26(b)(1).  "Despite this

broad language, the rule does allow a court to limit discovery if 'the

burden or expense of the proposed discovery outweighs its likely

benefit.'"  Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir.

2000).


 A given topic is relevant if it has "the mere tendency" of making

any material fact more or less probable.  Fed. Deposit Ins. Corp. v.

Wise, 139 F.R.D. 168, 170 (D. Colo. 1991).  See Fed. R. Evid. 401;

8.     That as to Plaintiffs' Interrogatory ("ROG") No. 9 and Request for

Production ("RFP") No. 4, Defendant Kodak's objections to ROG

No. 9 and RFP No. 4 are overruled;

9.     That as to Plaintiffs' ROG No. 8 and RFP No. 3, Defendant Kodak's

objections to ROG No. 8 and RFP No. 3 are overruled;

10.    That as to Defendant Kodak's ROGS Nos.1, 2, 3, 4, 5, 6, 10, 12,

4

and 13 and RFP Nos. 1, 4, 5, 6, 10, 12, and 13, the Plaintiffs'

objections to ROGS Nos.1, 2, 3, 4, 5, 6, 10, 12, and 13  and RFP

Nos. 1, 4, 5, 6, 10, 12, and 13 are overruled;

11.     Injunctive relief is an extraordinary remedy that should be granted

only when the moving party clearly and unequivocally demonstrates

its necessity.  See Schrier v. University of Colo., 427 F.3d 1253,

1258 (10th Cir. 2005).  In the Tenth Circuit, the party requesting

injunctive relief must establish that: (1) the party will suffer

irreparable injury unless the injunction issues; (2) the threatened

injury outweighs whatever damage the proposed injunction may

cause the opposing party; (3) the injunction, if issued, would not be

adverse to the public interest; and (4) there is a substantial

likelihood of success on the merits.  Id.  It is well established that

"[b]ecause a showing of probable irreparable harm is the single

most important prerequisite for the issuance of a preliminary

injunction, the moving party must first demonstrate that such injury

is likely before the other requirements for the issuance of an

injunction will be considered."  Dominion Video Satellite, Inc. v.

Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004)

(citations omitted).

Furthermore, "[b]ecause the limited purpose of a preliminary

injunction is merely to preserve the relative positions of the parties

5

until a trial on the merits can be held, . . . [the Tenth Circuit has] identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." Schrier, 427 F.3d at 1258-59 (citation and quotations omitted); and

12.   That the discovery requested by Plaintiffs and Defendant Kodak in paragraphs 8, 9, and 10 above is relevant to the disputed issues and claims in this case and is discoverable.  In fact, the discovery requested by Plaintiffs and Defendant Kodak in paragraphs 8, 9, and 10 above go directly to the heart of the claims as outlined in paragraphs 4 and 5 above.  In particular, the disclosure of the requested discovery in paragraphs 8, 9, and 10 above is necessary before the parties can proceed before Senior District Judge Matsch on the Defendant Kodak's Motion for Preliminary Injunction (docket no. 4) since such discovery is directly relevant to the elements for a preliminary injunction to issue.  See elements for preliminary injunction in paragraph no. 11 above.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

6

1.      That Plaintiffs' Motion to Compel Discovery and for Attorneys' Fees
        and Costs (docket nos. 28 and 30) is **GRANTED** as follows.
        Defendant Kodak shall provide to Plaintiffs complete and full
        responses to Plaintiffs' Interrogatories Nos. 8 and 9 and Request
        for Production Nos. 3 and 4 on or before November 30, 2009;

2.      That Defendant Kodak's Motion to Compel (docket no. 21) is
        **GRANTED** as follows.  Plaintiffs shall provide to Defendant Kodak
        complete and full responses to Defendant Kodak's Interrogatories
        Nos. 1, 2, 3, 4, 5, 6,10,12, and 13 and Request for Production Nos.
        1, 4, 5, 6, 10, 12, and 13 on or before November 30, 2009;

3.      That each party shall pay their own attorney fees and costs for the
        subject motions (docket nos. 28, 30, and 21);

4.      That the information that shall be delivered by each party as
        outlined above in paragraphs 1 and 2 of this Order shall be subject
        to the protective order (docket no. 14).  That the designated
        SECRET information that will exchanged between the parties per
        this Order is entered consistent with the paragraph 4 of the
        protective order (docket no. 14); and,

5.      That all information disclosed in this civil action, whether or not
        designated as CONFIDENTIAL or SECRET, may be used only for
        purposes of this action and not for any other actions, or any
        business purpose whatsoever.  See paragraph 11 of the protective

7

order (docket no. 14).


Done this 9th day of November 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE