IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00750-RPM-MJW

PRESSTECK, INC., and
KEVIN RAY, Ph.D,

Plaintiffs-Counterclaim Defendants,

v.

EASTMAN KODAK CORPORATION,

Defendant-Counterclaim Plaintiff.

---

**ORDER REGARDING
[DEFENDANT] KODAK'S MOTION FOR PROTECTIVE ORDER, TO AMEND
CURRENT PROTECTIVE ORDER, AND TO AMEND THE SCHEDULING ORDER
(DOCKET NO 61)**

---

**Entered by Magistrate Judge Michael J. Watanabe**


   This matter is before the court on [Defendant] Kodak's Motion for Protective Order, to Amend Current Protective Order, and to Amend the Scheduling Order (docket no. 61).  The court has reviewed the subject motion (docket no. 61) and the response (docket no. 68) thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

   The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff Dr. Kevin Ray, a former Defendant Kodak employee, along with his current employer, Presstek, have filed this declaratory judgment action against Defendant Kodak requesting a ruling from this court that the non-competition clause in the Employee's Agreement that Plaintiff Ray signed is void and unenforceable under Colorado law.  Defendant Kodak has counterclaimed for breach of contract and misappropriation of trade secrets;

5. That in the subject motion (docket no. 61), Defendant Kodak requests that this court enter the following Orders:

   a. a protective order limiting use and disclosure of "SECRET" information, which this court (i.e., Magistrate Judge Watanabe) recently ordered to be produced as outlined in Magistrate Judge Watanabe's Order dated November 9, 2009 (docket no. 58);

   b. an order that amends the current Protective Order (docket no. 14) already in place to limit use and disclosure of "SECRET" information; and,

3

       c.    an order that amends the current Rule 16 Scheduling Order, with specific extensions of deadlines set within the current Rule 16 Scheduling Order;

6. That per Magistrate Judge Watanabe's Order dated November 9, 2009 (docket no. 58), "Confidential" information is required to be exchanged between the parties as well as "SECRET" information;

7. That the current Protective Order (docket no. 14) limits "Confidential" information to only a few, select individuals. Since "SECRET" information was not to be produced under the current Protective Order, the parties did not include any restrictions or guidelines regarding "SECRET" information. However, per Magistrate Judge Watanabe's Order dated November 9, 2009,(docket no. 58), the parties are now ordered to exchange "SECRET" information, and therefore good cause has been shown to amend the current Protective Order (docket no. 14) to address additional protections for such "SECRET" information;

8. That the "SECRET" information that each party is required to disclose to the other party is highly proprietary information but is crucial and relevant to claims and defenses raised in the pleadings and goes to the essence of this entire lawsuit;

9. That Defendant Kodak argues that disclosure of the "SECRET" information should be limited to outside counsel and non-party experts approved under the provisions of the Protective Order;

4

10. That Plaintiffs argue that:

   a. Plaintiff Dr. Ray has already seen the information that Defendant Kodak seeks to protect;

   b. the case law does not support Defendant Kodak's position; and

   c. limiting disclosure to attorneys and experts will prejudice Plaintiffs and unnecessarily prolong this litigation;

11. That courts have permitted disclosure of [confidential and/or secret] information to key party representatives when proper protections and restrictions are in place. See Northrop v. Inventive Comms., LLC, 199 F.R.D. 334 (D. Neb. 2000); and

12. That Defendant Kodak has demonstrated good cause to extend discovery deadlines in this case. Burks v. Oklahoma Pub. Co., 81 F.3d 972, 978 (10th Cir. 1996).

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That [Defendant] Kodak's Motion for Protective Order, to Amend Current Protective Order, and to Amend the Scheduling Order (docket no. 61) is **GRANTED** as stated below;

2. That the current Protective Order (docket no. 14) shall be modified

5

        to permit all "SECRET" information to now be reviewed by: (a) outside counsel, (b) non-party experts, and (c) one designated party representative, specifically Dr. Ray on behalf of the Plaintiffs and either Dr. Huang or Dr. McCullough for the Defendant Kodak. That Dr. Ray shall sign a sworn verification that he will abide by the current Protective Order (docket no. 14) that is amended by this Order, and he will not be permitted to retain copies of the "SECRET" information. That either Dr. Huang or Dr. McCullough shall sign a sworn verification that he will abide by the current Protective Order (docket no. 14) that is amended by this Order, and he will not be permitted to retain copies of the "SECRET" information. That any outside counsel and any non-party expert shall sign a sworn verification that he or she will abide by the current Protective Order (docket no. 14) that is amended by this Order, and he or she will not be permitted to retain copies of the "SECRET" information;

3. That the parties shall produce to the other side, consistent with Magistrate Judge Watanabe's Order dated November 9, 2009 (docket no. 58), their respective discovery responses on or before December 31, 2009;

4. That the Rule 16 Scheduling Order (docket no.12) is amended as follows:

    a. Deadline to identify experts by parties with burden of

6

        persuasion: February 26, 2010;

    b.    Deadline to identify experts by contradicting party: March 26, 2010;

    c.    Deadline to identify rebuttal experts: April 23, 2010;

    d.    Deadline to serve discovery: May 7, 2010;

    e.    Deadline to complete discovery: June 8, 2010; and

    f.    Deadline to file dispositive motions: July 30, 2010;

5.    That all information disclosed in this civil action, whether or not designated as "CONFIDENTIAL" or "SECRET," may be used only for purposes of this action and not for any other actions, or any business purpose whatsoever.  See paragraph 11 of the Protective Order (docket no. 14); and

6.    That each party shall pay their own attorney fees and costs for this motion.

Done this 17th day of December 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE