**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 09-CV-00750-RPM

PRESSTEK, INC.,
KEVIN RAY, PH.D.,

      Plaintiffs-Counterclaim Defendants,

v.

EASTMAN KODAK COMPANY,

      Defendant-Counterclaim Plaintiff.

---

**AMENDED STIPULATED PROTECTIVE ORDER**
**FOR CONFIDENTIAL AND SECRET INFORMATION**

---

COMES NOW Plaintiffs and Counterclaim Defendants Presstek, Inc. and Kevin Ray, Ph.D. and Defendant and Counterclaim Plaintiff Eastman Kodak Company ("Kodak"), through their undersigned counsel, who hereby stipulate and seek entry of an order as follows:

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action involves production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order for Confidential and Secret Information (the "Order") as an order of this Court. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use

1

extends only to the limited information or items that are entitled to confidential or secret treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; D.C.COLO.LCivR 7.2, and Judge Matsch's order in this case (Document 97) set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    **DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel</u>: Outside Counsel of Record and House Counsel, as well as their support staff.

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "SECRET."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert

witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a

Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a

Party or of a Party's competitor.

2.7     House Counsel: attorneys who are employees of a party to this action. House

Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other

legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a Party to this

action but are retained to represent or advise a Party to this action and have appeared in this

action on behalf of that Party or are affiliated with a law firm which has appeared on behalf

of that Party.

2.10    Party: any party to this action, including all of its officers, directors,

employees, consultants, retained experts, and Outside Counsel of Record (and their support

staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or

Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support

services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is

designated as "CONFIDENTIAL," or as "SECRET."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15   "SECRET" Information or Items: extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.   **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.   However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.   Any use of Protected Material at trial shall be governed by a separate agreement or order, except for those provisions set forth in paragraph 7.2(i) herein.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g*., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of

protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (*see*, *e.g*., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires that:

a.    <u>for information in documentary form</u> (*e.g*., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "SECRET" to each page that contains protected material.  After the parties have stipulated to this Order, for documents wherein only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "SECRET." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "SECRET") to each page that contains

Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

        b.      <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after the date it receives a rough copy of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "SECRET."

        Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A, are present at those proceedings. The use of a

document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "SECRET."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "SECRET" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

c.      for information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "SECRET". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.

A producing Party that inadvertently fails to designate information or items as "CONFIDENTIAL" or "SECRET" prior to production shall be entitled to correct the designation. Such failure shall be corrected by the Producing Party providing the Receiving Party with written notice of the inadvertently produced information and requesting that such information and items and copies thereof either be (1) returned to the Producing Party within five

(5) days in order for that Party to affix the appropriate designation; or (2) immediately stamped "CONFIDENTIAL" or "SECRET" by the Receiving Party. Those individuals who reviewed the inadvertently produced information or items prior to notice of this failure to designate as "CONFIDENTIAL" or "SECRET" shall abide by the terms of this Order and use and disclose such information and items, after receipt of this notice, in accordance with the provisions of this order for "CONFIDENTIAL" and "SECRET" information.

While the Receiving Party may challenge the confidential or secret nature of the inadvertently produced documents, the inadvertent production of such information or items shall not constitute a waiver of the confidentiality designation.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to

voice dialogue; other forms of communication are insufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under D.C.COLO.LCivR 7.1 (and in compliance with D.C.COLO.LCivR 7.2, if applicable, including filing of a redacted version of the motion to comply with Judge Matsch's order in this case [Document 97]) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent

declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

After a Challenging Party has unsuccessfully challenged a Designating Party's confidentiality designation three times, the burden will shift to the Challenging Party to file a motion challenging a confidentiality designation, instead of the Designating Party moving to retain confidentiality.  In such instance, all other provisions of this section will continue to apply to such motion, including the burden of persuasion remaining on the Designating Party.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below, *Final Disposition*.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      the Receiving Party's Outside Counsel of Record in this action, who are hereby bound by, but need not sign, Exhibit A attached hereto, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

b.      House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A;

c.      three employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A.  Before disclosing information to any employee in accordance with this paragraph (c), the Receiving Party shall provide the Designating Party with the name and title of the employee that the Receiving Party wishes to designate.  The Designating Party shall have three (3) business days to object to that employee as designee.  If the Designating Party objects, the employee in question shall not be shown the Designating Party's CONFIDENTIAL information without an agreement of the parties or an

order of the Court.  If the Designating Party does not timely object, the employee may be shown the CONFIDENTIAL information;

d.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A;

e.      the Court and its personnel;

f.      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A;

g.      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

h.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

i.      at the trial of this action or at any hearing relating to this action before any judicial officer, subject to the rules of evidence and order of the court, a Party may use any Confidential Information for any purpose, provided that adequate prior notice of such use is given to Outside Counsel of Record for the Producing Party to permit the Producing Party the opportunity to obtain appropriate protection from the court, including a motion to

the Court under D.C.COLO.L.Civ.R. 7.2 that the courtroom be cleared of the public or other persons and that the court's employees be advised as to the terms of the Order.

7.3 <u>Disclosure of "SECRET" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "SECRET" only to:

      a.    the Receiving Party's Outside Counsel of Record in this action, who are hereby bound by, but need not sign, Exhibit A attached hereto, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      b.    Dr. Jianbing Huang, on behalf of Kodak, and Dr. Kevin Ray, on behalf of Presstek. Both Dr. Huang and Dr. Ray will sign the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A, and neither will retain any copies of any "SECRET" information;

      c.    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A. "CONFIDENTIAL" or "SECRET" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one;

      d.    the Court and its personnel;

      e.    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

14

have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A; and

      f.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    7.4    "SECRET" Information or Items shall not be disclosed to House Counsel.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "SECRET" that Party must:

      a.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      b.    promptly notify in writing the person who caused the subpoena or order to issue;

      c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "SECRET" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its "CONFIDENTIAL" or "SECRET" information or items – and nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a.   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "SECRET."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall:

(1)   promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(2)   make the information requested available for inspection by the Non-Party.

c.   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request or may seek relief from the Court within seven (7) days of the expiration of the aforementioned 14 day period. If the Non-Party or the Producing Party timely seeks a protective order, the

Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If, in connection with this litigation, a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or protected trial communications between counsel and expert ("Inadvertently Disclosed Information"), pursuant to Federal Rule of Evidence 502(d) the disclosure of such Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or trial communications protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

A Party or Non-Party may request the return of any information that it inadvertently produced by identifying in writing the Inadvertently Disclosed Information, stating the basis for withholding such Inadvertently Disclosed Information, and providing any other information that would be listed on a supplemental privilege log disclosing the Inadvertently Disclosed Information.  If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Information then in the custody of one or more parties, the Receiving Party shall, within three business days of the date of the Producing Party's written notification, return or destroy all copies of the Inadvertently Disclosed Information, shall expunge from any other document or material the information solely derived from the Inadvertently Disclosed Information, and shall provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.  The Receiving Party may not sequester, use, or disclose such Inadvertently Disclosed Information after receipt of the Producing Party's written notification.

After Inadvertently Disclosed Information is returned pursuant to this paragraph, the Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  Any such motion shall be made pursuant to D.C.COLO.LCivR 7.1 and in compliance with D.C.COLO.LCivR 7.2 (including, if applicable, filing a redacted version of the motion to comply with Judge Matsch's order in this case [Document 97]) so as to seek sealing of the Inadvertently Disclosed Information until the Court hear and decides the motion.  The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this paragraph shall limit the right, if any, of any Party to petition the Court for an *in camera* review of the Inadvertently Disclosed Information.

## 12.   **MISCELLANEOUS**

12.1    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    <u>Filing Protected Material.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with D.C.COLO.LCivR 7.2, and, if applicable, Judge Matsch's order (Document 97) that a redacted version of the motion accompany the request for sealing.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, confidential or proprietary business information, protectable as a trade secret, or otherwise entitled to protection under the law.

13.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, *Duration*.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

DATED:                              ROTHGERBER, JOHNSON & LYONS LLP

                                    /s/ *Joy A. Woller*
                                    James M. Lyons
                                    Michael D. Plachy
                                    Joy Allen Woller
                                    ROTHGERBER, JOHNSON & LYONS LLP
                                    1200 17th Street, Suite 3000
                                    Denver, CO 80202
                                    Tel.:  (303) 623-9000
                                    Fax:   (303) 623-9222
                                    jlyons@rothgerber.com,
                                    mplachy@rothgerber.com
                                    jwoller@rothgerber.com

                                    *Attorneys for Plaintiffs Presstek, Inc. & Kevin Ray, Ph.D.*

DATED:                              CROWELL & MORING LLP

                                    /s/ *Christine E. Cwiertny*
                                    R. Scott Feldmann
                                    Christine E. Cwiertny
                                    CROWELL & MORING LLP
                                    3 Park Plaza, 20th Floor
                                    Irvine, CA 92614
                                    Tel.:  (949) 263-8400
                                    Fax:  (949) 263-8414
                                    sfeldmann@crowell.com
                                    ccwiertny@crowell.com

                                    Andrew W. Volin
                                    Kelly Robinson
                                    SHERMAN & HOWARD, L.L.C.
                                    633 17th Street, Suite 3000
                                    Denver, CO  80202
                                    Tel.:  (303) 299-8268
                                    Fax:  (303) 298-0940
                                    avolin@shermanhoward.com,
                                    krobinson@shermanhoward.com

                                    *Attorneys for Defendant Eastman Kodak Company*

## <u>ORDER</u>

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  March 31, 2011

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the AMENDED STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL AND SECRET INFORMATION (the "Stipulated Protective Order") that was entered by the United States District Court for the District of Colorado on [date] in the case of *Presstek, Inc. and Kevin Ray, Ph.D. v. Eastman Kodak Company*, U.S.D.C., District of Colorado Case No. 09-CV-00750-RPM.

I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint     [print or type full name] of [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

_____
Signature

_____        _____
City & State where sworn and signed            Printed Name

23

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 30th day of March 2011, I electronically filed the foregoing

**[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER FOR
CONFIDENTIAL AND SECRET INFORMATION**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing
to the following individuals at the following location and e-mail addresses:

> James M. Lyons
> Michael D. Plachy
> Joy Allen Woller
> ROTHGERBER, JOHNSON & LYONS LLP
> 1200 17th Street, Suite 3000
> Denver, Colorado 80202
> E-mail: jlyons@rothgerber.com
> E-mail: mplachy@rothgerber.com
> E-mail:  jwoller@rothgerber.com

<br>

> /s/ *Christine E. Cwiertny*
> _____
> Christine E. Cwiertny